IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

STEVEN CLARK,

    Plaintiff,

v.

CIVIL ACTION NO.: CV513-087

RANDY ROYAL, Sheriff and
CAPT. STAPLETON.

    Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, while incarcerated at the Augusta State Medical Prison in Grovetown, Georgia, filed a cause of action pursuant to 42 U.S.C. § 1983 contesting certain conditions of his earlier confinement at the Ware County Jail in Waycross, Georgia. (Doc. 1). Defendants filed a Motion for Summary Judgment. (Doc. 29). Plaintiff filed a Response (Doc. 35), to which Defendants filed a Reply (Doc. 37). For the following reasons, Defendants' Motion should be **GRANTED**.

## STATEMENT OF THE CASE

Plaintiff asserts that Defendants maintained an inadequate law library at the Ware County Jail, which precluded Plaintiff from preparing for a deposition in his case that was pending during that time. (Doc. 1, p. 5). Plaintiff also avers that Defendants prevented him from practicing his religion, denying Plaintiff access to his hardback <u>Bible</u> and to worship services without offering any alternatives. (<u>Id.</u> at pp. 5, 7).

Defendants seek summary judgment in their favor on the grounds that Plaintiff's claims[1] fail as a matter of law, that Plaintiff failed to exhaust his administrative remedies as to any religious claim, and that Defendants are entitled to qualified immunity. (Doc. 29-1, pp. 1-2).

## STANDARD OF REVIEW

Summary judgment is proper only if "the movant[s] show[ ] that there is no genuine dispute as to any material fact and that the movant[s are] entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving parties thus bear the burden of production, which they may discharge by showing that the record lacks evidence to support an essential element of the nonmoving party's case, for which the nonmoving party would bear the burden of proof at trial. See Fickling v. United States, 507 F.3d 1302, 1304 (11th Cir. 2007) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)).

A dispute as to a material fact is genuine, and thus summary judgment is inappropriate, if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party. However, there must exist a conflict in substantial evidence to pose a jury question." Hall v. Sunjoy Indus. Grp., Inc., 764 F. Supp. 2d 1297, 1301 (M.D. Fla. 2011) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986), and Verbraeken v. Westinghouse Elec. Corp., 881 F.2d 1041, 1045 (11th Cir. 1989)). In determining whether to grant a summary judgment motion, a court must view the record, and all reasonable inferences that can be drawn from the record, in a light most favorable to the nonmoving party. Peek-A-Boo Lounge of Bradenton, Inc. v. Manatee Co., 630 F.3d 1346, 1353 (11th Cir. 2011).

---

[1] The undersigned addresses the two claims in Defendants' Motion, as the undersigned directed service of Plaintiff's Complaint based on Plaintiff's access to the courts and First Amendment claims. (Docs. 8, 10).

2

## DISCUSSION AND CITATION TO AUTHORITY

A. Access to the Courts Claim

Defendants maintain that Plaintiff's access to the courts claim fails because Plaintiff has not suffered any actual injury as a result of being denied access to the courts. (Doc. 29-1, p. 7). Defendants distinguish common examples of actual injury—"missing filing deadlines or being prevented from presenting claims"—from Plaintiff's alleged injury, which involved "his inability to include legal argument in response to questions he was asked during his deposition." (Id.). Defendants note that a deposition is not the appropriate forum for legal argument and that Plaintiff had the opportunity to properly make such argument in his court filings following his transfer out of the Ware County Jail. (Id. at pp. 7-8).

"Access to the courts is clearly a constitutional right, grounded in the First Amendment, the Article IV Privileges and Immunities Clause, the Fifth Amendment, and/or the Fourteenth Amendment." Chappell v. Rich, 340 F.3d 1279, 1282 (11th Cir. 2003) (citing Christopher v. Harbury, 536 U.S. 403, 415 n.12 (2002)). To pass constitutional muster, the access allowed must be more than a mere formality. Bounds v. Smith, 430 U.S. 817, 822 (1977); see also Chappell, 340 F.3d at 1282. The access must be "adequate, effective, and meaningful." Bounds, 730 U.S. at 822.

For an inmate to state a claim that he was denied access to the courts, he must establish that he suffered "actual injury" by showing that the defendant's actions hindered his ability to pursue a nonfrivolous claim. Christopher, 536 U.S. at 415; Jackson v. State Bd. of Pardons & Paroles, 331 F.3d 790, 797 (11th Cir. 2003). The type of pursuit of a claim protected is one in which an inmate plaintiff is attacking his

AO 72A
(Rev. 8/82)

sentence, directly or collaterally, or challenging the conditions of his confinement. See Lewis v. Casey, 518 U.S. 343, 355 (1996). In other words, the legal claims protected by this right are "a direct appeal of a conviction, a habeas petition, or a civil rights suit." Hyland v. Parker, 163 F. App'x 793, 798 (11th Cir. 2006) (citing Bass v. Singletary, 143 F.3d 1442, 1445 (11th Cir. 1998)). "Actual injury" thus constitutes an essential element of an access to the courts claim, see Christopher, 536 U.S. at 415, and, as such, is relevant on summary judgment, see Regions Bank v. Provident Bank, Inc., 345 F.3d 1267, 1279 (11th Cir. 2003) (stating that there is no issue of material fact when the nonmoving party has failed to prove the existence of an element essential to his case).

The right to access to the courts "requires prison authorities to . . . provide prisoners with adequate law libraries." Wilson v. Blankenship, 163 F.3d 1284, 1290 (11th Cir. 1998) (quoting Bounds, 430 U.S. at 828). This right, however, is not an "abstract, freestanding right to a law library or legal assistance, so a prisoner bringing a deprivation of access to court claim must allege actual injury as a constitutional prerequisite." Taylor v. McSwain, 335 F. App'x 32, 34 (11th Cir. 2009) (quoting Lewis, 518 U.S. at 351-52) (internal quotation marks omitted). A plaintiff "cannot merely allege a denial of access to a[n adequate] law library . . . even if the denial is systemic." Wilson, 163 F.3d at 1291 (quoting Sabers v. Delano, 100 F.3d 82, 84 (8th Cir. 1996)). Rather, to prevail, "a plaintiff must provide evidence of such deterrence, such as a denial or dismissal of a direct appeal, habeas petition, or civil rights case, that results from actions of prison officials." Miller v. Donald, 132 F. App'x 270, 272 (11th Cir. 2005) (quoting Wilson, 163 F.3d at 1290-91); see also Lewis, 518 U.S. at 356 (explaining that "the opportunity to file nonfrivolous legal claims . . . . is the touchstone").

4

While Plaintiff's access to the courts claim properly pertains to a civil rights action, Plaintiff fails to present any evidence that the Ware County Jail law library hindered his ability to pursue that claim. Nothing prevented Plaintiff from filing his claim with the court. Nor did Plaintiff's inability to make legal argument at his deposition rise to such a level of deterrence as a denial or dismissal of his case. Indeed, the record shows that Plaintiff continued to pursue his claim well after his deposition, and Plaintiff does not allege that the law library affected his ability to further litigate. See Wilson, 163 F.3d at 1291 ("Because [the plaintiff] did litigate his § 1983 and Bivens cases in district court and on appeal, he cannot demonstrate that the prison officials prevented him from pursuing these causes of action."). Even assuming arguendo that the Ware County Jail law library was inadequate, Plaintiff has not demonstrated that such inadequacy resulted in any actual injury.

In showing that Plaintiff has failed to establish the essential element of "actual injury," Defendants have demonstrated that there is no genuine dispute as to a material fact regarding Plaintiff's access to the courts claim; therefore, that Defendants are entitled to summary judgment on this claim.

**B.    First Amendment Claim**

In support of their contention that Plaintiff's First Amendment claims fail, Defendants assert that Plaintiff was free to practice his religion, because the Ware County Jail policies allow inmates to possess softcover copies of books, such as the Bible, and to invite members of the clergy to visit. (Doc. 29-1, pp. 8-11). Defendants also maintain that Plaintiff failed to exhaust his administrative remedies as to any free exercise claim, citing Plaintiff's grievance file appearing in the record. (Id. at pp. 11-12).

AO 72A
(Rev. 8/82)

Where Congress explicitly mandates, prisoners seeking relief for alleged constitutional violations first must exhaust inmate grievance procedures before filing suit in federal court. See Porter v. Nussle, 534 U.S. 516, 524 (2002). Congress states in 42 U.S.C. § 1997e(a) that "[n]o action shall be brought with respect to prison conditions . . . until such administrative remedies as are available are exhausted." The United States Supreme Court has found that exhaustion of available administrative remedies is mandatory, Porter, 534 U.S. at 523, and must be "proper," Woodford v. Ngo, 548 U.S. 81, 92 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Id. at 90-91; see also Jones v. Bock, 549 U.S. 199, 218 (2007) (explaining that an institution's requirements define what constitutes exhaustion).

The Court of Appeals for the Eleventh Circuit has clarified how lower courts are to examine the issue of exhaustion of administrative remedies. A court first must look to the factual allegations regarding exhaustion in the defendant's motion to dismiss and the plaintiff's response, and resolve any conflicting facts by taking the plaintiff's version as true. Turner v. Burnside, 541 F.3d 1077, 1082 (11th Cir. 2008). If, even under the plaintiff's version of the facts, the plaintiff has not exhausted administrative remedies, the court must dismiss the complaint. Id. If, however, the parties' conflicting facts leave a dispute as to whether plaintiff has exhausted, the court need not accept all of plaintiff's facts as true. See id. Rather, "the court then proceeds to make specific findings in order to resolve the disputed factual issues." Id. "Once the court makes findings on the

disputed issues of fact, it then decides whether under those findings the prisoner has exhausted his available administrative remedies." Id. at 1083.

Because exhaustion of administrative remedies is a "matter in abatement" and not an adjudication on the merits, a failure-to-exhaust defense such as that of Defendants here "should be raised in a motion to dismiss, or be treated as such if raised in a motion for summary judgment." Bryant, 530 F.3d at 1374-75 (quoting Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368-69 (9th Cir. 1988)). Under the rules applicable to a motion to dismiss, the Court may consider materials outside of the pleadings and resolve factual disputes regarding exhaustion so long as the factual disputes do not decide the merits of the case. Id. at 1376–77.

Looking to the factual allegations regarding exhaustion in this case, Defendants' Motion explains that "[t]he applicable prison grievance process includes completing and submitting . . . forms." (Doc. 29-2, p. 3). Defendants emphasize that "[w]hile some of the grievances contained in [the] exhibit reference the [P]laintiff's access to the court's [sic] claim, there is no mention whatsoever of any complaint concerning the [P]laintiff's First Amendment Free Exercise Clause claims." (Id. at pp. 2-3). Plaintiff's Response, by contrast, contains no factual allegations regarding exhaustion, much less disputing Defendants' contentions. Because Plaintiff evidently had access to the grievance forms at the Ware County Jail and filed grievances relating only to his access to the courts, the Court finds that Plaintiff failed to exhaust his administrative remedies with respect to his First Amendment claim. See Jones, 549 U.S. at 224 (upholding a claim-by-claim approach to exhaustion).[2]

---

[2] Having found that Plaintiff's claims fail for the foregoing reasons, the Court need not address Defendants' arguments as to the merits of Plaintiff's First Amendment claim and qualified immunity.

AO 72A
(Rev. 8/82)

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Defendants' Motion for Summary Judgment as to Plaintiff's access to the courts claim be **GRANTED** and that the corresponding portion of Plaintiff's Complaint be **DISMISSED**. It is also my **RECOMMENDATION** that Defendants' Motion for Summary Judgment, as converted into a Motion to Dismiss, regarding Plaintiff's First Amendment claims be **GRANTED** and that the corresponding portion of Plaintiff's Complaint be **DISMISSED** without prejudice for failure to exhaust his administrative remedies.

**SO REPORTED** and **RECOMMENDED**, this 2nd day of October, 2014.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)